UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
SHAMYA DENISE MOORE,            )
                                )    Bankruptcy No. 09-00274
        Debtor.                 )

## ORDER RE: MOTION TO DELAY ENTRY OF DISCHARGE

This matter came before the undersigned for telephonic
hearing on May 22, 2009. Debtor was represented by attorney
Henry Nathanson. Attorney Ben Hopkins appeared for Creditor
Countrywide Home Loans Servicing LP. John Schmillen appeared for
the U.S. Trustee. After hearing arguments of counsel, the Court
took the matter under advisement. This is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2)(G).

## STATEMENT OF THE CASE

Debtor moves to delay entry of the discharge. The last day
to object to discharge was May 15, 2009, after which discharge
could enter. Debtor wishes to have the Motion for Relief From
Stay filed by creditor Countrywide Home Loans adjudicated prior
to entry of discharge. That motion, requesting relief from the
automatic stay to foreclose on a real estate mortgage, is set for
final hearing on June 3, 2009. In Debtor's resistance to the
motion, she asserts she has a forbearance agreement with
Countrywide which it has failed to honor. She denies that she is
in default on mortgage payments and questions whether Countrywide
is entitled to attorney fees and costs. Debtor prefers that
these issues be resolved by the Bankruptcy Court.

Countrywide has not resisted Debtor's Motion to delay
discharge. It notes, however, that Debtor's arguments raise
state law issues which are the province of the Iowa courts. The
U.S. Trustee responds that it makes sense to resolve these issues
now so Debtor will be clear about the status of her mortgage
before her bankruptcy case is closed.

## CONCLUSIONS OF LAW

Debtor asks that entry of her discharge be delayed until
Countrywide's motion for relief from the automatic stay is
adjudicated. Discharge may be deferred under Rule 4004(c)(2)
which states, in pertinent part: "[O]n motion of the debtor, the
court may defer the entry of an order granting a discharge for 30

days and, on motion within that period, the court may defer entry of the order to a date certain." Fed. R. Bankr. P. 4004(c)(2). The purpose of this Rule is to allow debtors additional time to negotiate reaffirmation agreements, which are not enforceable unless entered into prior to discharge. In re Golladay, 391 B.R. 417, 423 (Bankr. C.D. Ill. 2008) (citing Fed. R. Bankr. P. 4004(c) Advisory Committee's Note). One court has noted that a desire to continue litigation which will not benefit the bankruptcy estate is not a basis to defer entry of a discharge under Rule 4004(c)(2). In re VonGrabe, 332 B.R. 40, 44 (Bankr. M.D. Fla. 2005).

In contrast, § 362(e)(2)(B) allows the Court to extend the automatic stay after a motion for relief from stay is filed. The Court may extend the stay "for such specific period of time as the court finds is required for good cause, as described in findings made by the court." 11 U.S.C. § 362(e)(2)(B)(ii). One court used this section in order to give due consideration to whether the creditor was a proper "party in interest." In re Woodberry, 383 B.R. 373, 375 (Bankr. D.S.C. 2008). Another court found that additional delay under this section was required to address the contentions of the parties. In re Sheridan, 2009 WL 631355, *2 n.9 (Bankr. D. Idaho Mar. 12, 2009).

Based on the foregoing, the Court concludes that entry of an order granting a discharge should not be deferred under Rule 4004(c)(2). No reaffirmation agreement has been proposed between the parties. Instead, the Court will consider whether good cause exists to extend the stay under § 362(e)(2)(B). Hearing on the underlying Motion for relief from the stay is currently set for June 3, 2009, approximately eight days from now. The U.S. Trustee supports Debtor's request and Countrywide has not formally resisted it. Debtor's resistance to the Motion for relief from the stay sets out her Loan Modification Agreement which appears at odds with the assertions in Countrywide's motion. The Court concludes that sufficient good cause exists to extend the stay as to this matter until the date set for hearing on Countrywide's Motion for relief from stay.

**WHEREFORE**, Debtor's Motion to Delay Entry of Discharge is GRANTED IN PART AND DENIED IN PART.

**FURTHER**, entry of an order granting discharge should not be delayed.

**FURTHER**, the automatic stay remains in effect as to this matter until June 3, 2009.

DATED AND ENTERED:

May 27, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE